JOHN W. SPIEGEL (State Bar No. 78935)
john.spiegel@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

DAVID H. FRY (State Bar No. 189276)
david.fry@mto.com
ACHYUT J. PHADKE (State Bar No. 261567)
achyut.phadke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Nominal Defendant GRANITE
CONSTRUCTION INCORPORATED and Defendants
JAMES ROBERTS, JIGISHA DESAI, LAUREL J.
KRZEMINSKI, CLAES G. BJORK, PATRICIA D.
GALLOWAY, ALAN P. KRUSI, JEFFREY J. LYASH,
GADDI H. VASQUEZ, DAVID C. DARNELL, CELESTE B.
MASTIN, DAVID H. KELSEY, JAMES W. BRADFORD,
JR., MOLLY CAMPBELL, and MICHAEL F. MCNALLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAU ENGLISH, Derivatively on Behalf of GRANITE CONSTRUCTION INCORPORATED,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ROBERTS, JIGISHA DESAI, LAUREL J. KRZEMINSKI, CLAES G. BJORK, PATRICIA D. GALLOWAY, ALAN P. KRUSI, JEFFREY J. LYASH, GADDI H. VASQUEZ, DAVID C. DARNELL, CELESTE B. MASTIN, DAVID H. KELSEY, JAMES W. BRADFORD, JR., MOLLY CAMPBELL, and MICHAEL F. MCNALLY,<br><br>Defendants.<br><br>-and-<br><br>GRANITE CONSTRUCTION INCORPORATED,<br><br>Nominal Defendant. | Case No. 5:20-cv-03116-WHA<br><br>**STIPULATION AND [PROPOSED] ORDER RE: STAY OF DERIVATIVE ACTION**<br><br>Judge:  Hon. William H. Alsup<br>Ctrm.   12, - 19th Floor<br><br>Trial Date:  None Set |

1  WHEREAS, on May 6, 2020, Beau English ("English") filed a verified stockholder
2  derivative complaint ("Derivative Complaint") in the above-captioned action (the "Derivative
3  Action");
4  WHEREAS, the Derivative Complaint alleges claims against defendants James H. Roberts,
5  Jigisha Desai, Laurel J. Krzeminski, Claes G. Bjork, Patricia D. Galloway, Alan P. Krusi, Jeffrey
6  J. Lyash, Gaddi H. Vasquez, David C. Darnell, Celeste B. Mastin, David H. Kelsey, James W.
7  Bradford, Jr., Molly Campbell, Michael F. McNally (collectively, the "Individual Defendants"),
8  and Granite Construction Incorporated ("Granite, or "Nominal Defendant," and collectively with
9  the Individual Defendants, "Defendants," and with English, the "Parties");
10 WHEREAS, there is currently pending before the Court a putative securities class action
11 entitled *The Police Retirement System of St. Louis v. Granite Construction Incorporated et al.*, No.
12 3:19-cv-04744-WHA ("Securities Action");
13 WHEREAS, on May 19, 2020, Granite, Mr. Roberts, Ms. Desai, and Ms. Krzeminski, the
14 defendants in the Securities Action, filed in that action an Administrative Motion to Consider
15 Whether Cases Should Be Related ("Administrative Motion") asking for the Derivative Action
16 and the Securities Action to be deemed related;
17 WHEREAS, English and the plaintiff in the Securities Action stipulated to the relief
18 requested in the Administrative Motion in a stipulation filed concurrently with the Administrative
19 Motion;
20 WHEREAS, on May 19, 2020, the Court entered an order finding that the Derivative
21 Action was related to the Securities Action and should be reassigned to the Court;
22 WHEREAS, the Parties agree that certain of the relief requested and potential damages
23 sought in the Derivative Action may be affected by the outcome of the Securities Action, and that
24 the litigation of the Securities Action may help inform the manner in which the Derivative Action
25 proceeds;
26 WHEREAS, Granite believes it would be unfairly prejudiced by litigating the Derivative
27 Action while the Securities Action is pending, because if both actions are litigated concurrently,
28

1  Granite could potentially be required to implement conflicting legal strategies in the two actions,

2  further warranting a stay of the Derivative Action during the pendency of the Securities Action;

3        WHEREAS, for the foregoing reasons, the Parties have agreed that the Derivative Action

4  should be stayed pending the resolution of the Securities Action;

5        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, and upon approval

6  by and entry by the Court shall be SO ORDERED, as follows:

7        1.     All proceedings and deadlines in the Derivative Action are stayed until further

8  order of the Court (the "Stay").

9        2.     Absent further order of the Court, this Stay shall expire upon entry of final

10 judgment in the Securities Action, or at such earlier time as the Parties shall agree.

11       3.     Within 21 days of the expiration of the Stay, the Parties shall submit a joint status

12 report to the Court.

13       4.     Any Party may move the Court to lift the Stay before it expires on its own terms,

14 upon a showing of good cause.

15       5.     Counsel for Defendants shall notify English's counsel if, during the pendency of

16 the Stay, any other shareholder derivative proceedings are initiated, including but not limited to

17 the filing of a summons and complaint purportedly on behalf of Granite, or if a shareholder makes

18 a demand for inspection of documents, in either case, based on the same or a similar set of factual

19 allegations as alleged in the Derivative Action.  In the event that, during the pendency of the Stay,

20 any documents are produced in response to any such shareholder proceeding or demand,

21 Defendants shall produce the same documents to English within 21 days of such production,

22 provided English has entered into a confidentiality agreement.

23       6.     In the event any other shareholder derivative proceeding is initiated on behalf of

24 Granite based on the same set of factual allegations as alleged in this Action, the Stay shall not

25 apply to any motions, stipulations, or any other related filings in such other proceedings pertaining

26 to consolidation of such actions and/or appointment of lead plaintiff(s) and lead and liaison

27 counsel.

28

7. In the event that a settlement conference with a magistrate judge is held in an effort to settle the Securities Action during the pendency of the Stay, counsel for Defendants shall provide English's counsel with reasonable advance notice of the settlement conference and will consent to English's counsel participating in the settlement conference, and will request that counsel for the Plaintiffs in the Securities Action consent as well, so long as the Court or the magistrate judge holding the settlement conference has approved of the participation of English's counsel in such settlement conference, which approval Defendants will not oppose.

8. Should the Court or the magistrate judge supervising settlement discussions in the Securities Action consent to a mediation in that action and that mediation is scheduled during the pendency of the Stay, counsel for Defendants shall provide English's counsel with reasonable advance notice of the mediation and will consent to English's counsel's participating in the mediation, and will request that counsel for the Plaintiffs in the Securities Action consent as well, so long as the Court or magistrate judge consenting to the mediation has approved of the participation of English's counsel in such mediation, which approval Defendants will not oppose.

9. Subject to the Parties entering into a mutually agreeable confidentiality agreement and/or protective order, Defendants agree during the pendency of the Stay to provide to English all documents Defendants produce to the plaintiff in the Securities Action and transcripts and exhibits from all depositions in the Securities Action, unless such production to English is prohibited by the terms of the protective order that governs the Securities Action.

10. Notwithstanding the voluntary Stay of this Action, English may amend his complaint during the pendency of the Stay. Defendants shall not be required to move against, answer, plead, or otherwise respond to the Derivative Complaint or any amended complaint in the Derivative Action during the pendency of the Stay.

11. This Order is without prejudice to the right of any Defendant to raise any argument or defense of any kind concerning any of the claims in the Derivative Action. By entering into this Stipulation, each Defendant preserves all objections, arguments, defenses, and challenges of any kind to the claims in the Derivative Action.

12. The Parties who have signed this Stipulation consent to service by electronic mail of all documents in the Derivative Action, and such service shall be effective upon transmission, unless the serving party learns that the document did not reach the person to be served.

DATED:  June 15, 2020                               MUNGER, TOLLES & OLSON LLP
                                                                         JOHN W. SPIEGEL
                                                                         DAVID H. FRY
                                                                         ACHYUT J. PHADKE


                                                                By:   */s/ Achyut J. Phadke*
                                                                         ACHYUT J. PHADKE
                                                                Attorneys for Nominal Defendant GRANITE CONSTRUCTION INCORPORATED and Defendants JAMES ROBERTS, JIGISHA DESAI, LAUREL J. KRZEMINSKI, CLAES G. BJORK, PATRICIA D. GALLOWAY, ALAN P. KRUSI, JEFFREY J. LYASH, GADDI H. VASQUEZ, DAVID C. DARNELL, CELESTE B. MASTIN, DAVID H. KELSEY, JAMES W. BRADFORD, JR., MOLLY CAMPBELL, and MICHAEL F. MCNALLY

DATED:  June 15, 2020                               BRAGAR EAGEL & SQUIRE, P.C.
                                                                         W. SCOTT HOLLEMAN
                                                                         MELISSA A. FORTUNATO


                                                                By:   */s/ W. Scott Holleman*
                                                                         W. SCOTT HOLLEMAN
                                                                Attorneys for Plaintiff


Pursuant to L.R. 5-1(i)(3), I, Achyut J. Phadke, attest that all other signatories listed and on whose behalf this filing is submitted have authorized this filing and concur in its content.


                                                                By:   */s/ Achyut J. Phadke*
                                                                         ACHYUT J. PHADKE

## [PROPOSED] ORDER

Based on the stipulation of the parties, and good cause appearing, it is hereby ordered that the stipulation is approved.

**SO ORDERED.**

DATED: June 17, 2020

_____
WILLIAM ALSUP
United States District Court Judge